United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40182
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CIRILO ALVARADO-DELGADO,

Defendant - Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-652-1
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Cirilo Alvarado-Delgado ("Alvarado") appeals from his conviction and sentence for unlawful re-entry following deportation subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2).

Alvarado argues that his conviction amounts to plain error because he did not have an aggravated-felony conviction necessary to establish a violation of 8 U.S.C. § 1326(b)(2). Alvarado's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pre-sentence report did not include any conviction that qualified as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2). He maintains that he was subject only to the provisions of 8 U.S.C. § 1326(b)(1). As Alvarado concedes, his sentence does not exceed the maximum under that clause, so his conviction and sentence for violating 8 U.S.C. § 1326(b)(2) did not amount to plain error because it did not affect his substantial rights. See United States v. Ramirez-Velasquez, 322 F.3d 868, 879 (5th Cir. 2003), petition for cert. filed, (U.S. May 20, 2003) (No. 02-10862). The aggravated-felony provision of 8 U.S.C. § 1326(b)(2) is merely a penalty provision and does not define a separate crime. Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998).

Alvarado contends that the district court erred in applying a 16-level enhancement to his sentence based on his prior battery conviction. As Alvarado concedes, his battery conviction warrants a 16-level enhancement under the literal terms of U.S.S.G. § 2L1.2(b)(1)(A)(ii). Alvarado has not established that "clear contrary legislative intention" required the district court to read the amended guideline in a manner that contradicted its "plain language." See United States v. Scrimgeour, 636 F.2d 1019, 1022-23 (5th Cir. 1981).

Furthermore, Alvarado maintains that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Apprendi v. New Jersey, 530 U.S. 466 (2000),

did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.